THE ROME STREET RAILROAD COMPANY *v.* McGINNIS.

Where, without the knowledge of the conductor or the engineer, some unauthorized person applied a brake to the car attached to a dummy engine on a street railway while the engine and car were ascending a steep grade, and thus the progress of the engine was arrested, whereupon the conductor, in order to enable the engineer to go forward, had the brake taken off, and the engineer not knowing that the brake would be taken off, and intending to go backward down the grade, reversed the engine at about the same moment when the brake was taken off, and in consequence of this inharmonious action of two minds under pressure of the emergency, each intending a proper object and neither knowing of the intention of the other, the train backed too rapidly, and consequently collided with a wagon which was not expected to be on the track and not known to be on it until it was too late to stop, and which would not have been there but for the mules drawing it having become suddenly frightened by the backward movement of the train, the calamity was a pure accident, and the driver of the mules, who sustained a personal injury in consequence of the collision, cannot recover.

July 30, 1894.

Action for damages. Before Judge HENRY. Floyd superior court. September term, 1893.

McGinnis sued the railroad company, and obtained a verdict the amount of which does not appear in the record. The company moved for a new trial on the general grounds among others, and the motion was over-

ruled. Plaintiff alleged that he was injured by the gross negligence of the company in the running of its car, propelled by a dummy engine, upon a street in the city of Rome, in loosening the brakes and allowing the train to run backwards rapidly down a steep incline with no one to control its movement, in having no rear brakeman or any one to give the engineer notice that any one was on the track, in having no light at the rear end of the train (it being at night), in giving no warning of the approach of the train, in not having it properly manned, and in undertaking to ascend the incline without brakes being released and loosed. The testimony for plaintiff showed that he was driving a wagon drawn by a pair of mules that were afraid of the dummy. The dummy and car went out Second avenue in Rome to the bridge crossing the Oostanaula river. Plaintiff was going in the same direction, and after the car had passed he followed behind it. When the dummy was upon the apron or approach to the bridge and very nearly to the bridge itself, it suddenly stopped, and the engineer reversed it and applied steam causing the train to run back down the incline very rapidly. Its approach frightened the mules, and they turned half round, throwing the wagon partly upon the railroad track twenty or thirty feet from the beginning of the apron, where the collision occurred before plaintiff could escape. He was thrown about twenty feet and the wagon was wrecked. No bell was rung, nor whistle blown, nor other warning given. The conductor of the car came to the rear and put the brakes on at or just after the moment of the collision. The wagon would not have been struck had not the mules backed it upon the track.

The testimony for the defendant was, in brief, as follows: The brakes were off when the train started up the incline, and some unknown person set one of them, causing the same to stop, and it could be moved no

further except by going back down and running up again. The conductor sent a negro to the front end of the car to release the brake so set, and went back to the rear platform. That brake was released just as the engineer reversed the engine. The conductor put on the rear brake as soon as he could get to it. He had been collecting fares. The car was within twenty feet of the mules when they commenced to turn and jump. The track was wet, the weather being damp. There were signal lights on each end of the car and lights inside of it. The electric street lamp near by made all objects plainly visible. When the train started back, the engineer threw the lever in the forward motion, did all he could to arrest the speed and called for brakes.

DEAN & DEAN, for plaintiff in error.

G. & W. HARRIS and FOUCHÉ & FOUCHÉ, contra.

LUMPKIN, Justice.

Under the evidence in this case, the material portions of which appear in the reporter's statement, the injury to the plaintiff below was the result of a pure accident, and the defendant was not liable. The head-note sets forth the view we entertain of the case about as fully and as accurately as we would be able to do in an elaborate opinion. In order to test the correctness of the conclusion we have reached, nothing is essential except an examination of the evidence, to do which would not be materially aided by further comment on our part.

*Judgment reversed.*